Scott Alan Miller, Esq. (SBN 190587)
Sunjina K. Ahuja, Esq. (SBN 226130)
**DILLON MILLER & AHUJA, LLP**
5872 Owens Avenue, Suite 200
Carlsbad, California 92008
Telephone: (858) 587-1800
Facsimile: (442) 325-1637
E-Mail: smiller@dmalaw.com
         sahuja@dmalaw.com

Attorneys for Plaintiff,
AGENA BIOSCIENCE, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGENA BIOSCIENCE, INC., a Delaware corporation;<br><br>   Plaintiff,<br><br>v.<br><br>STONE CLINICAL LABORATORIES, LLC, a Louisiana Limited Liability Company.<br><br>   Defendants | **Case No.:** **'19CV1924 L   AGS**<br><br>**COMPLAINT FOR:**<br><br>  1) **BREACH OF CONTRACT**<br><br>  2) **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>  3) **COMMON COUNTS**<br><br>    **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, Agena Bioscience, Inc. ("Agena"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This action is brought by Agena to remedy a breach of contract, among other claims, by one of its customers who ordered in excess of $130,000 of product and now refuses to honor its obligations and pay for the product it received.

## PARTIES

2. Plaintiff, Agena is a corporation in good standing that was organized under the laws of the State of Delaware, with its principal place of business located in San Diego, California. Under 28 U.S.C. §1332(c)(1), AGENA is a citizen of Delaware and California.

3. Defendant Stone Clinical Laboratories ("Stone") is a limited liability company in good standing. Stone's office and mailing address is 615 Baronne St., Ste. 100, New Orleans, Louisiana, 70113.

4. Diversity jurisdiction exists in the instant action and the Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a)(1). For purposes of a district court's diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/ members are citizens. 28 USCA 1332(a); *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894 (9th Cir. 2006). On information and belief, all of Stone's members are citizens of Louisiana. Further, the amount in controversy in this action exceeds $75,000.

## JURISDICTION AND VENUE

5. Jurisdiction of the Court is appropriate because the contract was to be performed, in part, in San Diego California, the goods and products were manufactured and stored in this state, the order for the product was received in this state and the goods were delivered from this state. Additionally, the parties agreed to a Terms of Service that contained a forum selection clause selecting California as the forum state.

6. Venue is proper in this Court in accordance with 28 U.S. C. §1391 because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the district as a result of the Defendants engaging in trade and/or commerce in this District – *i.e.* the claims asserted arose in this district.

# FACTUAL BACKGROUND

7. Agena is a bioscience entity that created a mass spectrometry-based platform, the MassARRAY® System, for genetic testing. The MassARRAY System is used globally in diverse fields such as cancer profiling for solid tumors and liquid biopsies, inherited genetic disease testing, pharmacogenetics, agricultural genomics, and clinical research. AGENA equips genomic and clinical testing laboratories with the necessary products and tools to implement the Agena MassARRAY System.

10. In 2018, Agena reached an agreement with Stone whereby Agena would provide reagents and consumables for use with an Agena MassARRAY System in Stone's possession on a running basis. In turn, Stone would pay AGENA for the items it ordered and received ("Agreement").

11. The parties further agreed they would be bound by AGENA's Terms of Service attached hereto as **Exhibit "A"** ("TOS").

12. The parties mutually contemplated and understood that goods and services under the Agreement would be provided by Agena to Stone over time. Stone would transmit Purchase Orders to Agena requesting the reagents and consumables covered by the Agreement. Agena would then provide these items to Stone, on credit, and transmit invoices to Stone's office at periodic intervals for the payment required under the Agreement.

13. On October 1, 2018, Stone issued a Purchase Order to Agena requesting delivery of $14,172 in reagents and consumables under the Agreement (designated PO # SCL_100118_TM2 and attached hereto as **Exhibit "B"**). On December 28, 2018, Stone issued another Purchase Order to AGENA, requesting delivery of $210,056.77 in reagents and consumables under the Agreement (designated PO # SCL_12282018_TM2 and attached hereto as **Exhibit "C"**). Both Purchase Orders were transmitted to AGENA's office in San Diego, California.

14. In response to the October 1, 2018, and December 28, 2018, Purchase Orders, Agena provided some of the requested reagents and consumables to Stone.

15. As contemplated and understood under the Agreement, Agena provided invoices to Stone for the specific reagents and consumables that were provided in response to Stone's Purchase Orders. These invoices include the following:

| | |
|---|---|
| Invoice # 9000127229, dated 11/12/2018 | $11,902.00 |
| Invoice # 9000127642, dated 12/26/2018 | $2,400.00 |
| Invoice # 9000127686, dated 12/31/2018 | $70,301.75 |
| Invoice # 9000127841, dated 1/24/2019 | $45,398.82 |
| **Total Amount………………………………….** | **$130,002.57** |

16. Although Agena fully complied with the Agreement and provided the reagents and consumables requested as reflected on Invoices 9000127229, 9000127642, 9000127686, and 9000127841 (collectively, the "Invoices"), Stone wholly failed to pay these Invoices.

17. Despite numerous demands made by Agena, Stone continued and refused to make payment on the Invoices.

18. On April 18, 2019, Agena sent formal written demand to Stone by electronic mail and certified mail seeking payment for the Invoices. A copy of that formal demand, including the referenced purchase orders and invoices, is attached as **Exhibit "D"**. AGENA's written demand notified Stone that it needed to pay in full the past-due amount of $130,002.57 within ten business days.

19. To date, Stone has made no payments towards the Invoices.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

**(Against Stone)**

20. Plaintiff repeats and makes part hereof each and every allegation set forth above.

21. In 2018, Agena and Stone entered into the Agreement whereby Stone would order specified product from Agena and pay for the provided product.

22.   Pursuant to the Agreement, Stone did order product *vis a vis* the Purchase Orders. The product was delivered and subsequently invoiced *vis a vis* the Invoices. Stone refused and continues to refuse to pay for the ordered product.

23.   Agena has at all times performed the terms of the Agreement in the manner specified by the Agreement.

24.   Stone has failed and refused, and continues to refuse, to tender its performance as required by the Agreement in that it has failed to pay for the product it received.

25.   Stone's failure and refusal to perform its obligations under the Agreement has damaged Agena in that it has been deprived of the $130,002.57 it is owed for the product it delivered.

## SECOND CAUSE OF ACTION: BREACH OF THE COVENANTS OF GOOD FAITH AND FAIR DEALING

**(Against Defendant, Stone)**

26.   Plaintiff repeats and makes part hereof each and every allegation set forth above.

27.   In 2018, Agena and Stone entered into the Agreement whereby Stone would order specified product from Agena and pay for the provided product.

28.   Pursuant to the Agreement, Stone did order product *vis a vis* the Purchase Orders. The product was delivered and subsequently invoiced *vis a vis* the Invoices. Stone refused and continues to refuse to pay for the ordered product.

29.   Agena has at all times performed the terms of the Agreement in the manner specified by the Agreement.

30.   Stone has failed and refused, and continues to refuse, to tender its performance as required by the contract in that it has failed to pay for the product it received.

31.   Stone's conduct constitutes a breach of the Agreement's covenant of good faith and fair dealing.

32.   Stone's failure and refusal to perform its obligations under the Agreement has damaged Agena in that it has been deprived of the $130,002.57 it is owed for the product it delivered.

# THIRD CAUSE OF ACTION: COMMON COUNT FOR GOOD SOLD AND DELIVERED AT AGREED PRICE

**(Against Defendant, Stone)**

33. Plaintiff repeats and makes part hereof each and every allegation set forth above.

34. Within the past year Stone became indebted to Agena in the amount of $130,002.57.

35. No part of the above stated amount has been paid, and there is now due, owing, and unpaid from Stone to Agena that amount of $130,002.57.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks judgment against the Defendant as follows:

1. That Plaintiff be awarded compensatory and actual damages for Defendant's breach of contract, breach of good faith and fair dealing and failure to pay for delivered goods.

2. That Plaintiff be granted pre-judgment and post-judgment interest;

3. That Plaintiffs be granted costs associated with the prosecution of this action;

4. That Plaintiffs be granted such further relief as the Court may deem just.

Dated: October 2, 2019

Respectfully submitted,
**DILLON MILLER & AHUJA, LLP**

*/s/ Scott Miller*
Scott Alan Miller, Esq.
Sunjina K. Ahuja, Esq.
Attorneys for Plaintiff,
AGENA BIOSCIENCE, INC.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 2, 2019

Respectfully submitted,
**DILLON MILLER & AHUJA, LLP**

*/s/ Scott Miller*
Scott Alan Miller, Esq.
Sunjina K. Ahuja, Esq.
Attorneys for Plaintiff,
AGENA BIOSCIENCE, INC.